## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## WHEELING

**GRIFFIN A. THOMPSON**,

        Petitioner,

v.

**UNITED STATES OF AMERICA**,

        Respondent.

Civil No.: 5:20-CV-203
(JUDGE BAILEY)

## REPORT AND RECOMMENDATION

On September 21, 2020, the petitioner, a federal prisoner who is housed at FCI Hazelton, in Bruceton Mills, West Virginia, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "petition"). ECF No. 1. The petitioner paid the applicable $5.00 filing fee. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.

    **I.**    **The Petitioner's Criminal History**[1]

---

[1] Unless otherwise noted, the information in this section is taken from the petitioner's criminal docket available on CM/ECF. See United States v. Thompson, No.: 2:09-cr-00234-MHH-JHE-1. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

1

On August 18, 2009, the petitioner entered into a plea agreement in the Northern District of Alabama to plead guilty to Count One of an indictment which charged him with Bank Robbery in violation of Title 18, United States Code, Section 2113(a). [Doc. 9]. On February 5, 2010, the petitioner was committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 84 months, to run concurrently with the sentence imposed in the Northern District of Alabama case number CR 09-S-113-E.[2] Upon release from imprisonment, the petitioner was required to serve a term of 36 months of supervised release. As a standard condition of supervised release, the petitioner was required not to commit another federal, state or local crime. [Doc. 19]. On May 1, 2015, the petitioner was released via good conduct time.

On February 23, 2017, a Petition for Warrant or Summons for Offender Under Supervision was filed. [Doc. 20.] The petition indicated that on August 22, 2016, the petitioner committed a federal, state, or local crime, as evidenced by his conviction for Theft of Property 4th Degree in Birmingham Municipal Court. In addition, the petition alleged that on November 16, 2016, the petitioner submitted a urine sample which revealed the presence of cocaine, and he admitted having used cocaine. On March 23, 2017, the Court declined to revoke the petitioner's supervised release and held sentencing in abeyance for six months. [Doc. 28]. On September 26, 2017, the Court dismissed the Petition for Summons for Offender Supervision. [Doc. 30].

---

[2] The petitioner entered into a plea agreement in that case on August 18, 2009, as well. He agreed to plead guilty to Count One of the Indictment filed in that case to Bank Robbery, in violation of 18 U.S.C. § 2113(a). The sentencing hearing in that case was also conducted on February 5, 2010, and the Judgment was entered on June 7, 2010, and mirrored that which was entered in 2:09-CR-00113-MHH-TMP.

On April 9, 2018, a second Petition for Warrant or Summons for Offender Under Supervision was issued. [Doc. 31]. The petition alleged that on February 28, 2018, the petitioner was arrested by the Alabaster Police Department for Manufacture of a Controlled Substance 1st Degree, Unlawful Possession of Drug Paraphernalia and Possession of a Forged Instrument. In addition, the petition alleged that the Petitioner was arrested by the Shelby County Drug Enforcement Task Force for Manufacture of a Controlled Substance 1st Degree, and Unlawful Possession of Drug Paraphernalia.  On December 18, 2018, the petitioner's supervised release was revoked, and he was committed to the custody of the United States Bureau of Prisons for a term of 24 months. This term of imprisonment was ordered to be served consecutively to the sentence imposed in Shelby, Alabama. [Doc. 39].  The term of imprisonment is to be followed by supervised release for a term of 12 months. The petitioner's current projected release date is March 1, 2021.

On October 15, 2019, the petitioner filed a *pro se* Motion to Dismiss Sentence. [Doc 41]. On January 10, 2020, upon a Motion to Appoint Counsel filed by the petitioner, the Court appointed counsel, who subsequently filed a brief in support of the Motion to Dismiss Sentence. [Docs. 42, 43, and 46]. Counsel set forth three arguments in his Brief. First, that the petitioner's probation officer released him from supervised release status prior to his violation. Second, the First Step Act's retroactive application would have resulted in the petitioner's supervised release being terminated prior to his violating the terms of his supervised release. Third, the petitioner's counsel should have argued that his revocation sentence be imposed concurrently with any pending state sentences.  The United States filed a response on March 23, 2020. [Doc. 49]. On

August 17, 2020, the Court denied the petitioner's motion to dismiss his revocation sentence. [Doc. 55].

## II. Instant Petition

The petitioner argues, as he did in his Motion to Dismiss Revocation Sentence, that at the time the April 9, 2018 petition was filed, he was no longer subject to the conditions of supervised relief by virtue of the First Step Act's "Good Time" provision. More specifically, the petitioner argues that his sentence of 84 months should have terminated 49 days earlier than originally calculated because the First Step Act awards him an additional seven days of good time per year of his sentence. Because his original release date was May 1, 2015, he maintains that his supervised release should have ended 49 days prior to May 1, 2018, or on Tuesday, March 13, 2018. In addition, the petitioner alleges that under 28 U.S.C. § 3584, district courts have discretion whether to impose consecutive or concurrent sentences of imprisonment, and this provision applies to violations of supervised release as well as original sentences. The petitioner argues that a concurrent sentence should have been imposed because he has served a two-year split sentence in the Alabama Department of Corrections as well as a significant amount of time on his revocation sentence. For relief, the petitioner requests his underlying conviction and sentence of eighty-four months be modified according to the good time provisions outlined in the First Step Act. In addition, it appears he is asking this court to modify his revocation sentence such that it is run concurrent with the time he served on the state case underlying his revocation.

### III.   LEGAL STANDARDS

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### IV.   Analysis

**GOOD CONDUCT TIME**

The First Step Act, enacted on December 21, 2018, amended 18 U.S.C. § 3624(b)(1) by increasing the maximum allowable Good Conduct Time ("GCT") credits for prisoners from, 47 days to 54 days per year. 132 Stat. 5914, § 102(b)(1). The effective date of the change in the GCT calculation was delayed until the Attorney General completed a risk and needs assessment system to "broadly speaking, review each prisoner's recidivism risk level, award earned time credit as an incentive for participation in recidivism reduction programing and 'determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with [§] 3624'" Bottinelli v. Salazar, 929 F.3d 1196, 1197-98 (9th Cir. 2019) (quoting § 101(a), 132 Stat. at 519697 § 101(a)).

The petitioner continues to argue, as he did before the sentencing court that he is entitled to an additional 49 days of GCT against his original sentence and that his supervised release would therefore have expired before the second Warrant was issued The petitioner cites no case law for this position, and the undersigned has not located any.

What is clear, however, is that while the changes made to GCT earnings were made retroactive, the changes can only be applicable to sentences not yet satisfied as of the effective date of the First Step Act. The petitioner's 84 month sentence was satisfied on May 1, 2015, well before the effective date of the First Step Act, and the petitioner is not entitled to any additional GCT toward that term of confinement. Therefore, the undersigned is of the opinion that the petitioner has received all the GCT to which he is entitled against his original conviction, and he remained on supervised release when the second warrant was issued.

**Concurrent Sentence**

The sentencing court's jurisdiction is generally discretionary in terms of the imposition of a concurrent or consecutive sentence in addition to sentences that may be imposed or have already been imposed. It is clear that "[j]udges have long been understood to have discretion to select whether the sentence they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings." Setser v. United States, 566 U.S. 231, 236 (2012).

In the instant case, the petitioner's argument that the court should have imposed a concurrent sentence is not an issue properly raised with this Court. The sentencing court has already ruled that it followed the sentencing guidelines when it ran the petitioner's revocation sentence consecutive to his state sentence for illegal drug activity. In addition, the sentencing court noted that while the sentencing guidelines are not binding, a district court does not err in following those guidelines.

The petitioner had provided no legal argument that his sentence is illegal. It is not within this Court's prerogative to substitute its own judgment for an otherwise valid sentence imposed by the Northern District of Alabama.

## V.     Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[ECF No. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific**

**written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED:  October 1, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE