#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
#### Wheeling

**GRIFFIN A. THOMPSON,**

        Petitioner,

v.                                       **CIVIL ACTION NO. 5:20-CV-203**
                                                        Judge Bailey

**UNITED STATES OF AMERICA,**

        Respondent.

### ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 6]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on October 1, 2020, wherein he recommends the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed with prejudice. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND

The petitioner was a federal inmate who, at the time of his habeas petition, was incarcerated at FCI Hazelton in Bruceton Mills, West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on September 21, 2020, pursuant to 28 U.S.C. § 2241. Petitioner has since been released to a residential reentry center. *See* [Doc. 10].

As summarized in the R&R, petitioner was previously sentenced in the Northern District of Alabama to a term of 84 months imprisonment, to run concurrently with a sentence in another case in that district, followed by 36 months of supervised release.

During his term of supervised release, on February 18, 2018, petitioner was arrested for Manufacture of a Controlled Substance 1st Degree, Unlawful Possession of Drug Paraphernalia and Possession of a Forged Instrument.  As a result, on December 18, 2020, petitioner's supervised release was revoked and he was committed to the custody of the Bureau of Prisons ("BOP") for a term of 24 months, to be followed by a term of supervised release for 12 months.  *See* [Doc. 6 at 2–3].

In his petition, petitioner argues that the First Step Act's retroactive application of good conduct time should have shortened his original term of imprisonment; he argues that as a result, his term of supervised release should have ended 49 days earlier, so that at the time the petition for revocation was filed, he was no longer subject to supervised release. [Doc. 1 at 3, 5].  Further, he contends that his sentence for violating supervised release should have been ordered to be concurrent with the sentence for the underlying state case. [Id. at 8].

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  **Thomas v. Arn**, 474 U.S. 140, 150 (1985).  Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1);  ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989);  ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist.  ***Haines v. Kerner***, 404 U.S. 519, 520 (1972);  ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure.  The petitioner timely filed his Objections to the R&R [Doc. 8] on October 8, 2020.  Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review.  The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

In the R&R, the magistrate judge found that, first, changes made to Good Conduct Time by the First Step Act did not affect petitioner's sentence because "while the changes made to GCT earnings were made retroactive, the changes can only be applicable to sentences not yet satisfied as of the effective date of the First Step Act." [Doc. 6 at 6]. Second, as to the question of whether the sentencing court should have imposed a concurrent sentence, the magistrate judge found that this was within the discretion of the sentencing court and thus is not an issue properly raised in this Court. [Id. at 7]. Accordingly, the R&R recommends the petition be denied and dismissed with prejudice.

Thompson raises three objections to the R&R.  First, the petitioner objects that the magistrate judge misconstrued his argument; he contends that 18 U.S.C. § 3582(c)(1)(B) permits the court to modify a sentence where expressly permitted by statute.  He contends that the First Step Act is a statutory basis which allows this Court to modify his prior sentence to account for 49 additional days of good conduct time.  However, the magistrate judge did not, as the petitioner implies, misconstrue or misinterpret the applicability of 18 U.S.C. § 3582; this is merely another way of framing the same argument that petitioner presented in the instant petition and before the sentencing court.  This Court finds that the magistrate judge correctly concluded that the petitioner is not entitled to any additional good conduct time toward his earlier term of confinement.  Accordingly, this objection is overruled.

Second, petitioner objects to the R&R's statement that petitioner failed to cite any case law supporting his argument and asks that counsel be appointed if case law is needed.  He objects that "[t]he 2241 packet supplied to the Petitioner made it clear that no case law was to be cited." [Doc. 8 at 2].  The petitioner refers to the "Relief" section of the § 2241 petition form, which instructs the petitioner to make no legal arguments and cite no cases or statutes. [Doc. 1 at 11].  Petitioner argues that counsel should be provided to help provide adequate case law to support his argument. [Doc. 8 at 2].  Petitioner has also filed a Motion to Appoint Counsel [Doc. 7], which is currently pending before this Court.

The Fourth Circuit Court of Appeals has recognized that "[t]here is no right to counsel in post-conviction proceedings."  **Hagie v. Pinion**, 995 F.2d 1062 (4th Cir. 1993) (citing **Pennsylvania v. Finley**, 481 U.S. 551, 556-57 (1987)).  In **Pennsylvania v. Finley**,

4

the Supreme Court stated "the equal protection guarantee of the Fourteenth Amendment does not require the appointment of an attorney for an indigent appellant just because an affluent defendant may retain one. 'The duty . . . under our cases is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims . . . .'" 481 U.S. at 556 (quoting *Ross v. Moffitt*, 417 U.S. 600, 616 (1974)). Accordingly, the second objection is overruled, and the Motion to Appoint Counsel will be denied.

Third, petitioner argues that because his supervised release was still ongoing at the time of the petition for warrant or summons, his original sentence was still ongoing and thus the good conduct time should have been applied to his term of imprisonment. [Doc. 8 at 3]. While the petitioner is correct that his supervised release was part of his original sentence, "[o]nce an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release." 28 C.F.R. § 2.35. Accordingly, this objection is overruled.

## IV.  CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation** [**Doc. 6**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections [**Doc. 8**] are **OVERRULED**. This Court **ORDERS** that the § 2241 petition

[**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**. For the reasons stated above, the Motion to Appoint Counsel [**Doc. 7**] is **DENIED**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: December 2, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE